UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:11-cr-12-T-27AEP

KENNETH LAMAR MADDEN
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Madden's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 253). A response is unnecessary. The motion is **DENIED**.

Madden was convicted of conspiracy to possess with intent to distribute five or more kilograms of cocaine (Count One), possession of a firearm in furtherance of a drug trafficking crime (Count Two), and possession of cocaine (Count Three). (Dkts. 108, 126). Based on his two or more prior felony drug offense convictions, he was sentenced to life imprisonment on Count One.[1] (Dkt. 152 at 32). He was also sentenced to a consecutive term of 60 months on Count Two and a concurrent term of 90 days on Count Three. (Id.). On appeal, his convictions and sentences on Counts One and Three were affirmed, and his conviction on Count Two was vacated.[2] *United States v. Madden*, 733 F.3d 1314 (11th Cir. 2013). His motion under 28 U.S.C. § 2255 was denied. *See* Case No. 8:17-cv-810-T-27AEP.

Madden now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his "age, deterioration in health, time in custody and unusually long sentence based upon enhancement

---

[1] As Madden acknowledges, at the time of his sentencing, a defendant with two prior convictions for felony drug offenses who committed a violation of 21 U.S.C. § 841(a)(1) involving five or more kilograms of a "mixture or substance containing a detectable amount of . . . cocaine" faced a mandatory minimum sentence of life imprisonment. *See, e.g.*, *United States v. Williams*, 469 F.3d 963, 964-65 (11th Cir. 2006); (Dkt. 253 at 3-4).

[2] On remand, the United States moved to dismiss Count Two of the Superseding Indictment, and an amended judgment imposing the same sentence on Counts One and Three was entered. (Dkts. 193, 194). Madden appealed, and the Eleventh Circuit affirmed the amended judgment. (Dkt. 213).

1

under 21 U.S.C. § 851 for a non-violent drug offense." (Dkt. 253 at 1). Specifically, he asserts that, following the First Step Act, his prior convictions do not qualify as predicate offenses to enhance his sentence on Count One, and that "fundamental fairness" requires "fix[ing]" the purported sentencing disparity. (Id. at 3-6, 13-15). He also asserts that his "[h]ealth is continually deteriorating as a result of the aging process," and that he is "63 years of age and having served approximately 10 years on [his] current term of imprisonment and due to [his] age and deteriorating health which [he] suffer[s] from hypertension, high blood pressure, prostate complications and glaucoma, [he is] highly susceptible to grave medical concerns with COVID-19 contraction." (Id. at 6, 16). His assertions, however, do not entitle him to compassionate release or a sentence reduction.[3]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court based on "extraordinary and compelling reasons" after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives a request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Madden provides documentation reflecting that he requested the Warden to file a motion on his behalf more than 30 days ago, and that his request was denied. (Dkts. 253-1, 253-2). However, he has not shown extraordinary and compelling reasons warranting compassionate release.

Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A):

---

[3] Accordingly, his request to be appointed counsel is also due to be denied. *See* (Dkt. 253 at 18).

(A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Madden fall within these circumstances. Indeed, courts have found that "post-sentencing developments" in the law, including disparities in sentencing based on enhancements, do not constitute an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Rogers*, No. 5:12-cr-29-Oc-28PRL, 2020 WL 4597063, at *2 (M.D. Fla. Aug. 11, 2020) (collecting cases). And as to his sentence on Count One, the First Step Act did not make the amendments to the relevant enhancement provisions retroactive. *See United States v. Rivas*, 800 F. App'x 742, 746 (11th Cir. 2020) ("The government complied with § 851(a)(1) by filing its information before [the defendant's] guilty plea, and § 851(a)(1) was unaffected by the First Step Act."); *see also United States v. Grant*, 813 F. App'x 246, 249 (8th Cir. 2020).

Additionally, although Madden asserts that he suffers from "hypertension, high blood pressure, prostate complications and glaucoma," and that he is "highly susceptible to grave medical concerns with COVID-19 contraction," he does not assert or provide documentation demonstrating that he suffers from a terminal illness or that his medical conditions substantially diminish his ability to provide self-care. *See* (Dkt. 253 at 6); *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about

possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020).

Further, compassionate release under § 1B1.13 n.1(B) requires that the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Madden, however, is 63 years old and has not provided documentation demonstrating that he is experiencing a serious deterioration in physical or mental health because of the aging process. And to the extent he contends that district courts have discretion to determine whether a defendant has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, *see* (Dkt. 253 at 11-12), courts in this Circuit have rejected that contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). Even if true, Madden has failed to assert an adequate basis to warrant compassionate release. Last, while his rehabilitation efforts are admirable, *see* (Dkt. 253 at 16), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t).

In summary, Madden's reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. Accordingly, absent extraordinary and compelling reasons, relief cannot be granted, and the motion and request for appointment of counsel are **DENIED**.

**DONE AND ORDERED** this 28th day of October, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record